IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY B. LUTHER, | ) | No. C 09-5658 LHK (PR) |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| vs. | ) | OF HABEAS CORPUS; DENYING |
| | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| NOLL, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a state prisoner proceeding *pro se*, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2008 decision by the California Board of Parole Hearings ("Board") finding him unsuitable for parole. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer, along with a supporting memorandum of points and authorities and exhibits. Petitioner then filed a traverse. For the reasons set forth below, the petition for a writ of habeas corpus is DENIED.

## BACKGROUND

According to the petition, in 1991, Petitioner was found guilty of second degree murder, and was sentenced to an indeterminate term of 15-years to life plus three years. Petitioner filed unsuccessful state habeas petitions in all three levels of state court, challenging the denial of his parole. Petitioner thereafter filed the instant petition.

1

**DISCUSSION**

2

A.   Standard of Review

3       A district court may not grant a petition challenging a state conviction or sentence on the

4  basis of a claim that was reviewed on the merits in state court unless the state court's

5  adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an

6  unreasonable application of, clearly established Federal law, as determined by the Supreme

7  Court of the United States; or (2) resulted in a decision that was based on an unreasonable

8  determination of the facts in light of the evidence presented in the State court proceeding."  28

9  U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law

10  and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong

11  applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340

12  (2003).

13       A state court decision is "contrary to" Supreme Court authority, that is, falls under the

14  first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that

15  reached by [the Supreme] Court on a question of law or if the state court decides a case

16  differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams*

17  *(Terry)*, 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme

18  Court authority, that is, falls under the second clause of § 2254(d)(1), if it correctly identifies the

19  governing legal principle from the Supreme Court's decisions but "unreasonably applies that

20  principle to the facts of the prisoner's case."  *Id.* at 413.  The federal court on habeas review may

21  not issue the writ "simply because that court concludes in its independent judgment that the

22  relevant state-court decision applied clearly established federal law erroneously or incorrectly."

23  Id. at 411.  Rather, the application must be "objectively unreasonable" to support granting the

24  writ.  *See id.* at 409.

25  B.   Analysis

26       Petitioner claims that his right to due process was violated because the evidence was

27  insufficient to support the decision denying his suitability for parole.  However, the Supreme

28  Court has made clear that a prisoner's federal due process claim regarding a denial of parole is

1   limited to whether he received the minimum procedures necessary under the federal constitution.

2   *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam).  Specifically, this Court's inquiry

3   is limited to whether Petitioner was given an opportunity to be heard, and given a statement of

4   reasons for the denial.  *Id.*, citing *Greenholtz v. Inmates of Neb. Penal and Correctional*

5   *Complex*, 442 U.S. 1, 16 (1979).  Thus, Petitioner's allegation that there was insufficient

6   evidence to support a denial of parole fails to state a cognizable claim for federal habeas relief.

7   *See id.*

8                         **CONCLUSION**

9       The petition for a writ of habeas corpus is DENIED.  Petitioner has failed to make a

10   substantial showing that his claim amounted to a denial of his constitutional rights or

11   demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong.  *Slack*

12   *v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is

13   warranted in this case.

14       The Clerk shall enter judgment and close the file.

15       IT IS SO ORDERED.

16   DATED: __4/19/11_____

17                   LUCY H. KOH
                     United States District Judge